UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HEATH VINCENT FULKERSON,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

Defendant.

Case No. 3:20-cv-00207-MMD-CLB

ORDER

*Pro se* Plaintiff Heath Fulkerson filed an amended complaint against Defendant Costco Wholesale Corporation ("Costco") under 28 U.S.C. § 1332 for a single cause of action for negligence arising out of an alleged personal injury at a Costco warehouse on February 6, 2020. (ECF No. 8 ("Amended Complaint").) Costco filed an answer. (ECF No. 10.) Fulkerson then filed a motion to dismiss Costco's answer (ECF No. 13 ("Dismissal Motion")), along with a motion to submit the Dismissal Motion (ECF No. 13-1 ("First Submit Motion")). Upon Costco filing a motion to compel discovery documents (ECF No. 26), Fulkerson has filed a motion for an immediate injunction ("Injunction Motion") and a motion for sanctions ("Sanctions Motion"). (ECF Nos. 27, 28.)[1] Plaintiff also filed a motion to submit the Injunction and Sanctions Motions. (ECF No. 29 ("Second Submit Motion").)

As further discussed below, the Court denies Fulkerson's Dismissal Motion as Costco is entitled to file an answer. The Court also denies Fulkerson's Injunction and Sanctions Motions as there is insufficient factual or legal basis to grant the Motions.

In the Dismissal Motion, Fulkerson argues that Costco's answer to the amended complaint should be dismissed as Fulkerson has "an admission from the defendant,

[1]Fulkerson submitted both Motions in the same filing but the Motions appear respectively in the docket as ECF Nos. 27 and 28. Costco filed a response in opposition to both Motions. (ECF No. 30.)

Costco's employees that they were at fault for the injuries that occurred on February 6, 2020." (ECF No. 13 at 1.) Under Rule 12 of the Federal Rules of Civil Procedure, "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(A)(i). Costco is entitled to answer the Amended Complaint. *See Evans v. IAC/Interactive Corp.*, Case No. CV 05-1104 DSF (CWx), 2007 WL 7086261, *3 (C.D. Cal. 2007) (discussing that when a court grants a plaintiff's leave to file an amended complaint, a defendant is "entitled to file an Answer"). The Court therefore denies Fulkerson's Dismissal Motion.

Fulkerson seeks an immediate injunction to remove Costco's counsel and to "quash any motion filed by the defense." (ECF No. 27 at 1.) However, "'[a]n injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). Here, Fulkerson has not shown he is entitled to relief in demonstrating a likelihood of success on the merits, that he will suffer irreparable harm, that the balance of equities favors him, and that such an injunction is in the public interest. *See Winter*, 555 U.S. at 20. Moreover, Costco's counsel has seemingly engaged in the ordinary conduct of assisting with Costco's defense of this lawsuit. The Court therefore denies Fulkerson's Injunction Motion.

Additionally, Fulkerson seeks sanctions "against the defense for wasted time and energy providing the information that defense claims to have not received." (ECF No. 28 at 1.) However, "[f]or a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." *McCabe v. Arave*, 827 F.2d 634 (9th Cir. 1987) (citing *United States v. Stoneberger*, 805 F.2d 1391, 1392 (9th Cir. 1986). Here, Fulkerson has not provided such authority. The Court therefore denies Fulkerson's Sanctions Motion.

In sum, the Court denies Fulkerson's Dismissal, Injunction, and Sanctions Motions. The Court also denies Fulkerson's First and Second Submit Motions as moot. Fulkerson

does not need to file a motion, or request to submit a motion, each time he seeks to file a motion in this case.

It is therefore ordered that Plaintiff's motion to dismiss (ECF No. 13) Defendant's answer is denied.

It is further ordered that Plaintiff's motion for an immediate injunction (ECF No. 27) is denied.

It is further ordered that Plaintiff's motion for sanctions (ECF No. 28) is denied.

It is further ordered that Plaintiff's first motion to submit (ECF No. 13-1) is denied as moot.

It is further ordered that Plaintiff's second motion to submit (ECF No. 29) is also denied as moot.

DATED THIS 19th Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE