**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATH VINCENT FULKERSON, | 3:20-cv-00207-MMD-CLB |
| Plaintiff, | |
| v. | **ORDER** |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

Before the court is Defendant Costco Wholesale Corporation's ("Costco") motion to compel answers or documents in response to written discovery and request for sanctions from Plaintiff Heath Vincent Fulkerson ("Fulkerson"). (ECF No. 26.) Fulkerson did not oppose the motion. As discussed below, the court grants the motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Proceeding *pro se*, Fulkerson filed his motion to proceed *in forma pauperis* and original complaint on April 6, 2020. (ECF Nos. 1, 1-1.) After the court issued a Report and Recommendation screening the original complaint, Fulkerson filed a motion to amend his complaint, along with a proposed first amended complaint ("FAC") on June 18, 2020. (*See* ECF Nos. 4, 5) Pursuant to 28 U.S.C. § 1915(e)(2), the court screened Fulkerson's FAC, allowing Fulkerson to proceed with a negligence claim for an alleged slip-and-fall incident against Defendant Costco. (*See* ECF Nos. 7, 8.)

Fulkerson's FAC asserts a single cause of action for negligence against Costco arising out of an alleged personal injury that occurred in the Reno, Nevada Costco warehouse on February 6, 2020. (ECF No. 8 at 1-2.) Fulkerson alleges that he slipped-and-fell on broken eggs while pushing a shopping cart with his son. (*Id.*) Fulkerson claims the spill had been mentioned to Costco staff prior to the incident. (*Id.*) Fulkerson alleges the injury caused his qualify of life to dimmish significantly, including interactions

1  with his family and his ability to pursue his hobbies.  (*Id.*)  Further, Fulkerson claims he
2  has had two surgeries to repair damage to his left foot from the incident, the first on
3  February 18, 2020 and the second on May 1, 2020.  (*Id.*)  Fulkerson seeks in excess of
4  $720,000 in damages.  (*Id.*)

5  On July 28, 2020, Costco filed its answer to the FAC, wherein it denied most of
6  the allegations in the FAC, as well as asserted various affirmative defenses.  (ECF No.
7  10.)  The same day, Fulkerson filed a motion to dismiss Costco's answer (ECF No. 13),
8  asserting that Costco's answer should be dismissed as Fulkerson has "an admission
9  from the defendant, Costco's employees that they were at fault for the injuries that
10  occurred on February 6, 2020."  (ECF No. 13 at 1.)

11  Presently before the court is Costco's motion to compel and request for sanctions.
12  (ECF No. 26.)  Fulkerson did not oppose or otherwise respond directly to the motion, but
13  instead filed a motion for immediate injunction (ECF No. 27) and motion for sanctions
14  (ECF No. 28) against Costco.  The injunction sought to remove Costco's counsel and to
15  "quash any motion filed by the defense."  (ECF No. 27 at 1.)  Fulkerson sought sanctions
16  "against the defense for wasted time and energy providing the information that defense
17  claims to have not received."  (ECF No. 28 at 1.)

18  On November 19, 2020, the District Court entered an order denying Fulkerson's
19  motion to dismiss Costco's answer, denying the motion for injunction, and denying the
20  motion for sanctions.  (ECF No. 31.)  The Court reasoned that Costco is entitled to file an
21  answer and Fulkerson's Injunction and Sanctions motions contained an insufficient legal
22  or factual basis to grant the motions. (*Id.*) The Court also specifically noted that "Costco's
23  counsel has seemingly engaged in the ordinary conduct of assisting with Costco's
24  defense of this lawsuit."  (*Id.* at 2.)

25  The present motion to compel argues Fulkerson should be compelled to (1)
26  provide complete answers to multiple Interrogatories, (2) provide documents responsive
27  to Costco's Requests for Production of Documents, and (3) provide a Verification to the
28

Interrogatories. (ECF No. 26.) Further, Costco requests sanctions of at least $1,575 for Fulkerson's refusal to comply with his discovery obligations. (*Id.*)

## II.   LEGAL STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## III.   DISCUSSION

Costco's motion to compel argues Fulkerson should be compelled to (1) provide complete answers to Interrogatories **#5, #6, #7, #8, #9, #10, #11, #12, #13, #14, #15,**

**#16, #17, #19, #20, and #36**, (2) provide documents responsive to Costco's Requests for Production of Documents **#3, #5, #7, #11, #15, #16, and #18**, and (3) provide a Verification to the Interrogatories. (ECF No. 26.) Further, Costco requests sanctions pursuant to Fed.RCiv.P. 37(a) of at least $1,575 for attorney's fees and costs associated with the motion to compel. Fulkerson has not opposed the motion. Accordingly, the motion may be granted as unopposed. *See* Local Rule 7-2(d). The court has also reviewed the motion to compel and finds good cause for granting it.

### A.     Request for Sanctions

Having determined that Costco's motion to compel shall be granted, the court also finds that pursuant to Fed.R.Civ.P. 37(a)(5)(A), an award of attorney's fees may be appropriate. Thus, Costco shall file and serve an itemized statement of attorney's fees and costs incurred in the preparation and filing of the motion to compel. Fulkerson will have an opportunity to oppose the itemization of fees. Thereafter, the court will issue an order regarding sanctions.

## IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that Costco's motion to compel (ECF No. 26) is **GRANTED**. Fulkerson will be required to supplement discovery responses for which the motion was granted no later than **thirty (30) days** from the date of this order.

**IT IS FURTHER ORDERED** that Costco shall file and serve an itemized statement of attorney's fees and costs incurred in the preparation and filing of the motion to compel no later than **Friday, December 18, 2020**. Fulkerson shall have to and including **Monday, December 28, 2020** to file and serve an opposition to the itemization of fees. Thereafter, the court will issue an order regarding sanctions.

**IT IS SO ORDERED.**

**DATE:** December 2, 2020

_____
**UNITED STATES MAGISTRATE JUDGE**