**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATH VINCENT FULKERSON, | 3:20-cv-00207-MMD-CLB |
| Plaintiff, | |
| v. | **ORDER** |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

On December 2, 2020, the court granted Defendant Costco Wholesale Corporation's ("Costco") motion to compel answers or documents in response to written discovery from Plaintiff Heath Vincent Fulkerson ("Fulkerson"). (*See* ECF Nos. 26, 33.) Costco also requested sanctions, and therefore the court directed Costco to file an itemized statement of attorney's fees and costs incurred in the preparation and filing of the motion to compel.  (ECF No. 33). Costco filed the itemized statement (ECF No. 34), but Fulkerson did not file any response or opposition, despite being given an opportunity to do so.  For the following reasons, the court grants the request for sanctions.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Proceeding *pro se*, Fulkerson filed his motion to proceed *in forma pauperis* and original complaint on April 6, 2020.  (ECF Nos. 1, 1-1.)  After the court issued a Report and Recommendation screening the original complaint, Fulkerson filed a motion to amend his complaint, along with a proposed first amended complaint ("FAC") on June 18, 2020.  (*See* ECF Nos. 4, 5) Pursuant to 28 U.S.C. § 1915(e)(2), the court screened Fulkerson's FAC, allowing Fulkerson to proceed with a negligence claim for an alleged slip-and-fall incident against Defendant Costco.  (*See* ECF Nos. 7, 8.)

Fulkerson's FAC asserts a single cause of action for negligence against Costco arising out of an alleged personal injury that occurred in the Reno, Nevada Costco

1   warehouse on February 6, 2020.  (ECF No. 8 at 1-2.)  Fulkerson alleges that he slipped-

2   and-fell on broken eggs while pushing a shopping cart with his son.  (*Id.*)  Fulkerson

3   claims the spill had been mentioned to Costco staff prior to the incident.  (*Id.*)  Fulkerson

4   alleges the injury caused his qualify of life to dimmish significantly, including interactions

5   with his family and his ability to pursue his hobbies.  (*Id.*)  Further, Fulkerson claims he

6   has had two surgeries to repair damage to his left foot from the incident, the first on

7   February 18, 2020 and the second on May 1, 2020.  (*Id.*)  Fulkerson seeks in excess of

8   $720,000 in damages.  (*Id.*)

9        On July 28, 2020, Costco filed its answer to the FAC, wherein it denied most of

10   the allegations in the FAC, as well as asserted various affirmative defenses.  (ECF No.

11   10.)  The same day, Fulkerson filed a motion to dismiss Costco's answer (ECF No. 13),

12   asserting that Costco's answer should be dismissed as Fulkerson has "an admission

13   from the defendant, Costco's employees that they were at fault for the injuries that

14   occurred on February 6, 2020."  (ECF No. 13 at 1.)

15        On November 5, 2020 Costco filed a motion to compel and request for sanctions.

16   (ECF No. 26.)  Fulkerson did not oppose or otherwise respond directly to the motion, but

17   instead filed a motion for immediate injunction (ECF No. 27) and motion for sanctions

18   (ECF No. 28) against Costco.  The injunction sought to remove Costco's counsel and to

19   "quash any motion filed by the defense."  (ECF No. 27 at 1.)  Fulkerson sought sanctions

20   "against the defense for wasted time and energy providing the information that defense

21   claims to have not received."  (ECF No. 28 at 1.)

22        On November 19, 2020, the District Court entered an order denying Fulkerson's

23   motion to dismiss Costco's answer, denying the motion for injunction, and denying the

24   motion for sanctions.  (ECF No. 31.)  The Court reasoned that Costco is entitled to file an

25   answer and Fulkerson's Injunction and Sanctions motions contained an insufficient legal

26   or factual basis to grant the motions. (*Id.*) The Court also specifically noted that "Costco's

27   counsel has seemingly engaged in the ordinary conduct of assisting with Costco's

28   defense of this lawsuit."  (*Id.* at 2.)

On December 2, 2020, the court granted Costco's motion to compel for good cause, and as unopposed under Local Rule 7-2(d), and directed Costco to file an itemized statement of attorney's fees and costs incurred in the preparation of the motion to compel.  (ECF No. 33.)  Costco filed their itemized statement on December 3, 2020. (ECF No. 34.) The court also directed Fulkerson to file and serve an opposition to the itemization of fees by December 28, 2020, (ECF No. 33), which Fulkerson failed to do.

Having granted Costco's motion to compel, and having given Fulkerson an opportunity to respond, the court finds that pursuant to Fed.R.Civ.P. 37(a)(5)(A), an award of attorney's fees is appropriate.  The court now turns to the calculation of the fees.

## II.    LEGAL STANDARDS

Under Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Reasonable attorney's fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

The court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1993). In reviewing the hours claimed, the court may exclude hours related to

overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g., Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the [court] may reduce the award accordingly"); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D.Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent).

## III.   DISCUSSION

### A.  Reasonable Hours

According to defense counsel's itemized statement of attorney's fees and costs, defense counsel spent 8 hours attempting to meet and confer with Fulkerson, drafting letters and emails to Fulkerson "to motivate him to properly respond to the discovery requests," numerous phone calls, as well as preparing the motion to compel, exhibits, and the Affidavit of Counsel.  (ECF No. 34.)   However, defense counsel is only requesting fees for 7 hours of work.  (*Id.* at 4.) Thus, the court finds the request by defense counsel for 7 hours trying to obtain discovery responses and preparing the motion to compel to be reasonable in light of the length and complexity of the motion, as well as the amount of legal research required.

### B.  Hourly Rate

The next step in calculating the lodestar is to determine the attorney's rates "calculated according to the prevailing market rates in the relevant community," taking into account the rates for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 & n. 11 (1984). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworks of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir. 1990).

Case law reflects that the upper range of the prevailing rates in this District is $450 for partners and $250 for experienced associates. *See, e.g., Topolewski v. Blyschak*, 2018 WL 1245504, at *4 & n.48 (D. Nev. Mar. 8, 2018). Mr. Sullivan and Ms.

Winston each charge an hourly rate of $225. (ECF No. 34 at 4.) The court finds this to be a reasonable hourly rate for Mr. Sullivan and Ms. Winston.

**C. Fees to be Awarded**

In light of the reasonable hours and rates determined above, the court hereby calculates the lodestar as follows: 7 hours x $225 = $1,575.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Costco's request for sanctions (ECF No. 26) is **GRANTED**; and,

**IT IS FURTHER ORDERED** that Costco shall recover attorney's fees in the amount of $1,575.  Fulkerson shall pay $1,575 to Costco's counsel no later than **sixty (60) days** from the date of this order.

**IT IS SO ORDERED.**

**DATE:** January 7, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**