UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEATH VINCENT FULKERSON, | Case No. 3:20-cv-00207-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

*Pro se* Plaintiff Heath Fulkerson brought this case against Defendant Costco Wholesale Corporation ("Costco") under 28 U.S.C. § 1332 for negligence arising out of an alleged personal injury at a Costco warehouse. (ECF No. 8.) On January 7, 2021, the Court granted Defendant's request for sanctions under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure and ordered Plaintiff to pay $1,575.00 in attorney's fees. (ECF No. 36 ("Sanctions Order").)[1] Plaintiff had 60 days from the date of the Sanctions Order—more precisely until March 8, 2021—to pay the amount to Defendant. (*Id.*)

Before the Court is Plaintiff's motion to voluntarily withdraw his complaint. (ECF No. 40 ("Motion").)[2] Defendant filed a response stating that they do not oppose Plaintiff's Motion "so long as the case is dismissed with prejudice and includes a judgment for the sanction of $1,575 that Plaintiff [] was ordered to pay on January 7, 2021." (ECF No. 41 at 2.) Again, Plaintiff had until March 8, 2021 to pay Defendant the $1,575.00 amount. As

---

[1] Plaintiff did not oppose Defendant's request for sanctions. Plaintiff was also given an opportunity to file an opposition to Defendant's itemized statement of attorney's fees and costs incurred in filing Defendant's motion to compel (*see* ECF No. 33), but Plaintiff did not do so.

[2] Plaintiff appears to also request in his Motion that the Court issue an order on his previous sanctions request and additionally declare that Plaintiff filed a complaint against Defendant's attorney with the state bar of Nevada. The Court denies this request and further notes that Plaintiff's motion for sanctions against Defendant's counsel has already been denied by the Court. (*See* ECF No. 31.)

of the date of this order, Plaintiff has not done so. As further discussed below, the Court grants Plaintiff's Motion and will dismiss this case with prejudice. The Court further directs the Clerk of Court to enter judgment in favor of Defendant in the amount of $1,575.00, as Defendant is entitled to attorney's fees pursuant to the Court's Sanctions Order.[3]

Rule 41(a)(2) of the Fed. R. Civ. P. states in part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This Rule further states, "[u]nless the order states otherwise, a dismissal . . . is without prejudice." *Id.* However, the Ninth Circuit Court of Appeals has held that dismissal without prejudice under Rule 41 is merely a "default position" and applies when an order is silent. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). Therefore, "[t]he [district] court may grant dismissal without prejudice or *may require that dismissal be with prejudice.*" *Id.* (emphasis added) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (2d ed. 1994)).

Here, Plaintiff's Motion does not state whether the voluntary dismissal of his complaint is with or without prejudice. Defendant on the other hand, has requested the Court dismiss Plaintiff's complaint with prejudice. Because Plaintiff's Motion is silent, the Court is not precluded from dismissing with prejudice. *See id.* ("[Plaintiff] requested a dismissal without specifying whether he was requesting dismissal with or without prejudice, implicitly accepting either determination by the district court.") Moreover, in this action, the parties have already stipulated to a discovery plan and engaged in discovery, which is set to conclude on April 26, 2021. (*See* ECF Nos. 19, 20.) Additionally, Plaintiff has also been sanctioned for failing to provide supplemental discovery and has ignored

///

---

[3]The Sanctions Order was issued before Plaintiff filed his Motion. Rule 37 of the Fed. R. Civ. P. "provides an independent basis to sustain the sanction award upon dismissal." *Bd. of Trs. v. Noorda*. Case No. 2:16-cv-00170-JAD-DJA, 2019 WL 4044009, *4 (D. Nev. Aug. 27, 2019), ECF No. 84. The Court finds that wiping the $1,575.00 amount owed to Defendant in this action would not be just nor proper. *See generally id.* (granting voluntary dismissal motion with prejudice and that the sanctions judgment remains), *judgment entered*, *Id.* at ECF No. 86 (awarding party the amount of the sanctions judgment).

a final deadline to provide his responses. (*See* ECF Nos. 36, 37, 39.) The Court thus finds dismissal of Plaintiff's complaint with prejudice is warranted.[4]

It is therefore ordered that Plaintiff's motion to voluntarily withdraw (ECF No. 40) is granted as to the dismissal of his complaint.

It is further ordered that Plaintiff's complaint (ECF No. 8) is dismissed with prejudice.

The Clerk of Court is directed to enter judgment in favor of Defendant in the amount of $1,575.00 in attorney's fees pursuant to the Court's Sanctions Order (ECF No. 36) and to close this case.

DATED THIS 9th Day of March 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff has also been declared a vexatious litigant by this Court under 28 U.S.C. § 1651(a) in a separate action. *See Fulkerson v. Allstate Ins.*, Case No. 3:20-cv-00399-MMD-CLB, 2020 WL 6938813 (D. Nev. Nov. 25, 2020), ECF No. 13.